UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CR746 HEA |
| | ) | |
| NIGERIA GILMORE, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Nigeria Gilmore's Motion

Pursuant to 18 U.S.C. § 3145(b) for *De Novo* Review of Detention Order, [Doc.

No. 11].  For the reasons set forth below, the Motion is denied.

## Facts and Background

Defendant was charged by indictment in a seven count indictment.  Defendant

was charged with falsely representing social security numbers not assigned to her

and depositing checks using the social security numbers not assigned to her in an

attempt to defraud to defraud federally insured financial institutions by means of

false and fraudulent pretenses and representations.

## Standard and  Scope of Review

Title 18, United States Code, Section 3145(b) governs a motion for

revocation of a magistrate judge's detention order.  Section 3145(b) provides:

> If a person is ordered detained by a magistrate judge ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

This Court reviews the Detention Order under a *de novo* standard. See, e.g., *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir.1985) (en banc) (discussing 18 U.S.C. § 3145(b)).

Under the terms of the Bail Reform Act, 18 U.S.C. 3141 et seq. , Defendant must be detained pending trial if the Court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required...." 18 U.S.C. § 3142(e); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir.2003).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (emphasis in original). The Court now considers these factors.

Defendant has three children. Defendant's grandmother has been overseeing the children at this point in time. While Defendant has expressed concern for her children, the record establishes that Defendant was living with her grandmother while her children were living elsewhere for two weeks. Defendant has an extensive criminal history and has failed to appear on several occasions. Defendant has been involved in criminal activity while on probation. Defendant is charged with serious fraudulent violations, and has been charged with usurping social security numbers to her benefit.

While there is some evidence weighing in Defendant's favor, considering all of the foregoing factual findings the Court concludes that Judge Medler's Detention

Order was proper. The clear and convincing evidence in the record establishes that

Defendant's release will not reasonably protect the community from further criminal

offenses by Defendant. The evidence establishes that Defendant may not refrain

from committing a further financially related violations. The court finds by clear

and convincing evidence that "no condition or combination of conditions will

reasonably assure the appearance of the [Defendant] as required...." 18 U.S.C. §

3142(e).

## Conclusion

Based upon the Court's *de novo* review of Judge Medler's Detention Order,

the Court concludes that detention was and remains proper.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gilmore's Motion Pursuant to

18 U.S.C. § 3145(b) for *De Novo* Review of Detention Order, [Doc. No. 11], is

**DENIED**.

**IT IS FURTHER ORDERED** that the Detention Order entered on

December 14, 2009 is **AFFIRMED**.

Dated this 24th day of December, 2009.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE